TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
3219 E. Camelback Rd #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Tanya Hamm*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tanya Hamm, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC, a foreign limited liability company, Trans Union, LLC, a Delaware limited liability company, and Synchrony Bank, a foreign corporation, | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, TANYA HAMM, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Chandler, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. Plaintiff is a natural person residing in Chandler, Maricopa County, Arizona.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a foreign limited liability company that maintains a registered agent in Maricopa County, Arizona;

    b. Trans Union, LLC ("Trans Union") is a Delaware limited liability company that maintains a registered agent in Maricopa County, Arizona; and

    c. Synchrony Bank ("Synchrony") is a foreign corporation that maintains a registered agent in Columbus, Ohio.

## GENERAL ALLEGATIONS

7. Synchrony is incorrectly reporting its trade line ("Errant Trade Line") on Ms. Hamm's Equifax and Trans Union credit files with an incorrect status of charge off.

8. This is false, as the account that is the subject of the Errant Trade Line was a joint account with Plaintiff's mother and was closed because Ms. Hamm's mother filed for bankruptcy.

9. Ms. Hamm's mother filed for Chapter 7 Bankruptcy in February 2017.

10. Ms. Hamm then tried to make her monthly payment, but was told by a representative at Synchrony that the account was closed due to bankruptcy and her payment would not be accepted.

11. On August 5, 2017, Ms. Hamm obtained her credit files and noticed that Synchrony reported the Errant Trade Line with an incorrect status of charged off.

12. On August 22, 2017, Ms. Hamm submitted letters to Equifax and Trans Union, disputing the incorrect status on the Errant Trade Line.

13. In these dispute letters, Ms. Hamm explained what transpired with her mother's bankruptcy, attached a copy of the bankruptcy petition, and asked the credit bureaus to report the status as closed instead of charged off.

14. Upon information and belief, Equifax and Trans Union forwarded Ms. Hamm's dispute to Synchrony.

15. Ms. Hamm did not receive Equifax's investigation results, so on October 12, 2017, she obtained her Equifax credit file, which showed that Synchrony continued to report the Errant Trade line with an incorrect status of charged off.

16. Ms. Hamm did not receive Trans Union's investigation results, so on October 12, 2017, she obtained her Trans Union credit file, which showed that Synchrony continued to report the Errant Trade line with an incorrect status of charged off.

17. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in her credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by

obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY

18. Plaintiff realleges the above paragraphs as if recited verbatim.

19. After being informed by Equifax and Trans Union of Ms. Hamm's consumer dispute of the disputed language on the Errant Trade Line, Synchrony negligently failed to conduct a proper investigation of Ms. Hamm's dispute as required by 15 USC 1681s-2(b).

20. Synchrony negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Equifax and Trans Union to correct the inaccurate status on the Errant Trade Line.

21. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Hamm's consumer credit file with Equifax and Trans Union to which it is reporting such trade line.

22. As a direct and proximate cause of Synchrony's negligent failure to perform its duties under the FCRA, Ms. Hamm has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

23. Synchrony is liable to Ms. Hamm by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

24. Ms. Hamm has a private right of action to assert claims against Synchrony arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Synchrony for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. After being informed by Equifax and Trans Union that Ms. Hamm disputed the accuracy of the information it was providing, Synchrony willfully failed to conduct a proper reinvestigation of Ms. Hamm's dispute, and willfully failed to direct Equifax and Trans Union to correct the inaccurate status on the Errant Trade Line.

27. Synchrony willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

28. As a direct and proximate cause of Synchrony's willful failure to perform its duties under the FCRA, Ms. Hamm has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

29. Synchrony is liable to Ms. Hamm for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Synchrony for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Hamm as that term is defined in 15 USC 1681a.

32. Such reports contained information about Ms. Hamm that was false, misleading, and inaccurate.

33. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Hamm, in violation of 15 USC 1681e(b).

34. After receiving Ms. Hamm's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

35. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Hamm has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

36. Equifax is liable to Ms. Hamm by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

37. Plaintiff realleges the above paragraphs as if recited verbatim.

38. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Hamm as that term is defined in 15 USC 1681a.

39. Such reports contained information about Ms. Hamm that was false, misleading, and inaccurate.

8

40. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Hamm, in violation of 15 USC 1681e(b).

41. After receiving Ms. Hamm's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

42. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Hamm has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

43. Equifax is liable to Ms. Hamm by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

# COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

44. Plaintiff realleges the above paragraphs as if recited verbatim.

45. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Hamm as that term is defined in 15 USC 1681a.

46. Such reports contained information about Ms. Hamm that was false, misleading, and inaccurate.

47. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Hamm, in violation of 15 USC 1681e(b).

48. After receiving Ms. Hamm's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

49. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Ms. Hamm has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

50. Trans Union is liable to Ms. Hamm by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

51. Plaintiff realleges the above paragraphs as if recited verbatim.

52. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Hamm as that term is defined in 15 USC 1681a.

53. Such reports contained information about Ms. Hamm that was false, misleading, and inaccurate.

54. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Hamm, in violation of 15 USC 1681e(b).

55. After receiving Ms. Hamm's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

56. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Ms. Hamm has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

57. Trans Union is liable to Ms. Hamm by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: October 19, 2017

                                                  KENT LAW OFFICES

                                                  By: */s/  Trinette G. Kent*
                                                    Trinette G. Kent
                                                    Attorneys for Plaintiff,
                                                    Tanya Hamm