1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Tanya Hamm,

    Plaintiff,

v.

Equifax Information Services LLC, *et al.*,

    Defendants.

No. CV-17-03821-PHX-JJT

**ORDER**

At issue is Defendant Trans Union LLC's ("Trans Union") Motion to Dismiss (Doc. 22, Mot.), to which Plaintiff Tanya Hamm filed a Response (Doc. 27, Resp.), and Defendant filed a Reply (Doc. 28, Reply). No party requested oral argument, and the Court finds the Motion appropriate for resolution without such argument. *See* LRCiv 7.2(f). For the reasons that follow, the Court denies Defendant's Motion.

**I.   BACKGROUND**

For some period of time, Plaintiff and her mother jointly held an account with Synchrony Bank ("Synchrony"), which required the payment of monthly fees.[1] (Compl. ¶ 8.) Despite Plaintiff's mother's Chapter 7 Bankruptcy in February 2017, Plaintiff attempted to keep the account open by paying the next month's fee in a timely fashion. (Compl. ¶ 9.) However, Synchrony refused to accept payment, informing Plaintiff that the bank closed the account. (Compl. ¶ 10.) On August 5, 2017, Plaintiff performed a routine check of her credit report with two credit reporting agencies ("CRA"), including

---

[1] Plaintiff names Synchrony as a Defendant in her Complaint; however, the parties have since settled and stipulated to dismissal of the claims against Synchrony. (Docs 25, 34.)

Defendant. At that time, Plaintiff discovered—to her shock—that Defendant incorrectly listed the status on her Synchrony trade line as "charged off," rather than the correct status of "closed."[2] (Compl. ¶ 11.)

Subsequently, Plaintiff mailed a letter to Defendant disputing the status on her credit report and requesting that Defendant correct the mistake. (Compl. ¶¶ 12, 13.) Plaintiff included both a copy of her mother's bankruptcy petition and an explanation of the pertinent circumstances. (Compl. ¶ 13.) Defendant failed to respond to this letter and did not update the incorrect status on Plaintiff's credit report. (Compl. ¶¶ 16.)

On October 18, 2017, Plaintiff filed suit against Trans Union for its purported violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. In particular, Plaintiff alleges that Defendant negligently and willfully failed to assure the maximum accuracy of the information it reported and to conduct a reasonable reinvestigation. (Compl. ¶¶ 44-56.) Defendant now moves for dismissal on two bases. First, Defendant contends that Plaintiff fails to allege facts sufficient to establish Article III standing—and thus, this Court's subject matter jurisdiction. (Mot. at 12–13.) Second, Defendant argues that Plaintiff fails to state a plausible claim upon which relief may be granted for either a negligent or willful violation of the FCRA. (Mot. at 4–11.)

## II. LEGAL STANDARD

"A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). "Where the jurisdictional issue is separable from the merits of the case, the [court] may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." *Thornhill*, 594 F.2d at 733; *see also Autery v. United*

---

[2] Although not explicitly defined by Plaintiff in the Complaint, to "charge off" an account receivable is "to treat [it] as a loss or expense because payment is unlikely." *Black's Law Dictionary* 227 (7th ed. 1999).

*States*, 424 F.3d 944, 956 (9th Cir. 2005) ("With a 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction."). The burden of proof is on the party asserting jurisdiction to show that the court has subject matter jurisdiction. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

When analyzing a complaint for failure to state a claim for relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

In ruling upon a motion to dismiss for failure to state claim, a court may consider only the complaint, any exhibits properly included in the complaint, and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

### III. ANALYSIS

The Court first addresses the jurisdictional basis of Defendant's Motion before moving to its arguments under Rule 12(b)(6).

**A. Article III Standing**

To bring a justiciable lawsuit into federal court, Article III of the Constitution requires that a plaintiff have "the core component of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To satisfy Article III's standing requirements, a plaintiff must show that she suffered a "concrete and particularized" injury that is "fairly traceable to the challenged action of the defendant," and that a favorable decision would likely redress the injury. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). In the complaint, the plaintiff must "alleg[e] specific facts sufficient" to establish standing. *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 821 (9th Cir. 2002). If the Plaintiff fails to allege such facts, the Court should dismiss the Complaint. *See, e.g., Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1123 (9th Cir. 2010).

With respect to the FCRA, allegations of a "bare procedural violation, divorced from any concrete harm," does not satisfy the requirements of Article III standing. *Spokeo, Inc. v. Robins (Spokeo II)*, 136 S. Ct. 1540, 1549–50 (2016). Thus, courts look to the nature of the alleged reporting inaccuracy to "ensure [the inaccuracies] raise a real risk of harm to the concrete interests that the FCRA protects." *Robins v. Spokeo, Inc. (Spokeo III)*, 867 F.3d 1108, 1116 (9th Cir. 2017) (finding inaccuracies that "may be important to [those] making use of a consumer report" sufficiently "concrete" under Article III).

Defendant challenges only the first prong of the Article III inquiry—whether Plaintiff's alleged injury is sufficiently concrete to confer standing. (Mot. at 12–13.) However, Plaintiff's allegations are more than sufficient to meet her burden. In particular, Plaintiff alleges that Defendant incorrectly listed an account with Synchrony as "charged off"—i.e. that Synchrony stopped attempting collections on a debt because Plaintiff was unlikely to pay—rather than listing the account as closed. As a result of this inaccuracy, Plaintiff has "refrain[ed] from applying for new credit or more favorable terms on existing credit lines" and has experienced "undue stress and anxiety." (Compl. ¶ 17.)

Undoubtedly, users of Plaintiff's credit report may find it important that a lender abandoned attempting to collect a debt from Plaintiff because any attempt was futile. *See Spokeo III*, 867 F.3d at 1117 (holding that information about the plaintiff's "age, marital status, educational background, and employment history . . . may be important" to users of a credit report). The Court thus cannot conclude that the alleged accuracy in this case is "too insignificant to present a sincere risk of harm." *Id.* Accordingly, Plaintiff's allegations are sufficient to establish Article III standing.

### B. Plaintiff's FCRA Claims

In the Complaint, Plaintiff brings two claims against Defendant. First, Plaintiff alleges that Defendant negligently and willfully failed to "maintain and/or follow reasonable procedures" when assuring the accuracy of Plaintiff's information, in violation of 15 U.S.C. § 1681e(b). (Compl. ¶ 47, 54.) Second, Plaintiff claims Trans Union negligently and willfully failed to "conduct a reasonable reinvestigation" after receiving her letter of dispute, as required by 15 U.S.C. § 1681i. (Compl. ¶ 48, 55.) Defendant moves to dismiss Plaintiff's claims under both sections of the FCRA.

#### 1. 15 U.S.C. § 1681e

Congress enacted the FCRA to ensure fair and accurate credit reporting, to promote efficiency in the banking system, and to protect consumer privacy. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009). A prerequisite for bringing a claim against a credit reporting agency under either § 1681e or § 1681i is evidence of an inaccuracy in the credit report. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("To make out a *prima facie* violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information."). An item on a credit report may be inaccurately reported "because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Gorman*, 584 F.3d at 1163 (quoting *Sepulvado v. CSC Credit Servs. Inc.*, 158 F.3d 890,

895 (5th Cir. 1998)). The FCRA does not impose strict liability on an inaccurate report, and a defendant may avoid liability if it can show that it followed reasonable procedures in preparing a report. *Guimond*, 45 F.3d at 1333. However, "reasonableness of the procedures and whether the agency followed them will be jury questions in the overwhelming majority of cases." *Id.*

In its Motion, Defendant first argues that the purported inaccuracy is a legal question rather than the type of factual inaccuracy that can give rise to liability under the FCRA. (Mot. at 4–6.) However, taking Plaintiff's allegations as true, that is not the case. In the Complaint, Plaintiff specifically alleges that her account with Synchrony was closed, rather than "charged off." (Compl. ¶¶ 7–16.)[3] As plead, Plaintiff contends that her Trans Union credit report contains factual inaccuracies because she contends that her account was not charged off. Accordingly, Plaintiff has met her *prima facie* burden of demonstrating that her credit report contained an inaccuracy.[4]

Defendant next argues that Plaintiff fails to "allege and prove that the procedures followed by Trans Union were unreasonable." (Mot. at 6–7.) As this Court—and the Ninth Circuit—have repeated frequently, a plaintiff need only allege that her credit report contained an inaccuracy to make her *prima facie* case—and survive a motion to dismiss—under § 1681e. *See Guimond*, 45 F.3d at 1333; *Neill v. Experian Info. Sols., Inc.*, No. CV-16-04326-PHX-JJT, 2017 WL 3838671, at *2 (D. Ariz. Sept. 1, 2017); *Loomis v. U.S. Bank Home Mortg.*, 912 F. Supp. 2d 848, 855 (D. Ariz. 2012). Although Defendant may well present evidence at summary judgment demonstrating that its

---

[3] To this point, Defendant's assertion that "Plaintiff" acknowledges that her account "had an outstanding" balance blatantly misrepresents what Plaintiff alleges in the in the Complaint. (*See* Mot. at 4.)

[4] Although Defendant offers a number of cases which it purports are applicable to the Motion at hand, each case is easily distinguishable. (*See* Resp. at 5–6.) For example, both *Deandrade v. Trans Union LLC*, 523 F.3d 61 (1st Cir. 2008) and *Pagazani v. Equifax Info. Servs., LLC*, 2016 WL 2997586 (S.D. Fla. May 25, 2016) dealt with motions for summary judgment, and thus are of limited applicability to the standard necessary to survive a motion to dismiss. Similarly, the Court in *Hupfauer v. Citibank, N.A.*, 2016 WL 44506798 (N.D. Ill. Aug. 19, 2016) granted a motion to dismiss only after determining, based on documents properly incorporated into the complaint, that the CRA's report was not inaccurate. *Id.* at *4–5.

procedures were reasonable, that is a question for another day. At this point, Plaintiff's allegations are sufficient for the Court to infer that Defendant's procedures were unreasonable.

Next, Defendant contends that Plaintiff fails to sufficiently plead that she suffered damages as a result of Defendant's purported violation. Under the FCRA, a plaintiff may recover for damages incurred as a result of "emotional distress." *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1109 (9th Cir. 2012); *Guimond*, 45 F.3d at 1333. Here, Plaintiff has plead that "she has refrain[ed] from applying for new credit" and has "experienced undue stress and anxiety" as a result of Defendants violations. (Compl ¶¶ 17, 49, 56.) Because the FCRA specifically contemplates the recovery of emotional distress damages, Plaintiff's allegations are, once more, sufficient to survive Defendant's Motion.[5] *See Wheeler v. Trans Union LLC*, No. CV-17-03328-PHX-JAT, 2018 WL 2431876, at *4 (D. Ariz. May 30, 2018).

### 2.  15 U.S.C. § 1681i

Under §1681i of the FCRA, a CRA must conduct a reasonable reinvestigation when a consumer disputes the accuracy of her credit report and she contacts the CRA directly with her dispute. *See Acton v. Bank One Corp.*, 293 F. Supp. 2d 1092, 1097 (D. Ariz. 2003). Specifically, once notified by the consumer of the potential error, the CRA must reinvestigate the claim within 30 days. *Id*. at 1098. For the purpose of a motion to dismiss, courts have held that a plaintiff states a claim under § 1681i when she alleges: (1) that her credit report contained an inaccuracy; (2) that she notified the CRA of her dispute and requested a reinvestigation; and (3) that the CRA did not remove the inaccuracy. *See Neill*, 2017 WL 3838671, at *3.

As the Court has previously discussed, Plaintiff has sufficiently alleged that her Trans Union credit report contained an inaccuracy. (Compl. ¶ 11.) Plaintiff also alleges both that she notified Defendant of her dispute and that the inaccuracy remained after she

---

[5] Similarly, the Court rejects Defendant's argument that Plaintiff's purported damages are too speculative to have been caused by Defendant. (*See* Mot. at 8–9.)

- 7 -

contacted Defendant. (Compl. ¶¶ 12–13, 16.) Accordingly, Plaintiff's Complaint states a claim under §1681i.

### 3. Willfulness

Finally, Defendant moves to dismiss Plaintiff's willfulness claims under both § 1681e and § 1681i, arguing that Plaintiff's allegations are conclusory. (Mot. at 10–11.) A company willfully violates the FCRA when it "knowingly or recklessly violate[s]" the statute. *Shaw*, 891 F.3d at 760 (citing *Safeco*, 551 U.S. at 57). "A defendant acts in reckless disregard when its action both is 'a violation under a reasonable reading of the statute's terms' and 'shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.'" *Id.* (quoting *Safeco*, 551 U.S. at 69). Conditions of the mind, such as knowledge, may be alleged generally at the pleading stage. Fed. R. Civ. P. 9(b).

In the Complaint, Plaintiff alleges that Defendant "willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported" and "willfully failed to conduct a reasonable reinvestigation." (Compl. ¶¶ 54-55.) Because Plaintiff may allege conditions of the mind generally, Plaintiff's allegations are sufficient to survive Defendant's Motion.

## IV. CONCLUSION

As recounted above, Plaintiff's Complaint states a plausible claim for negligent and willful violations of the FCRA under both § 1681e and § 1681i. Similarly, Plaintiff establishes that she has Article III standing to bring her claims. Accordingly,

**IT IS THEREFORE ORDERED** denying Defendant's Motion to Dismiss (Doc. 22).

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that Defendant Trans Union LLC shall file an Answer to Plaintiff's Complaint no later than August 14, 2018

Dated this 24th day of July, 2018.

_____
Honorable John J. Tuchi
United States District Judge